FILED IN
COURT OF CRIMINAL APPEALS

May 27, 2015

ABEL ACOSTA, CLERK

PD-1505-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 5/27/2015 1:40:26 PM
Accepted 5/27/2015 2:24:02 PM
ABEL ACOSTA
CLERK

Case No. PD-1505-14

---

In the Court of Criminal Appeals of Texas

---

David Schlittler v. The State of Texas

---

On Discretionary Review
of Appeal No. 12-13-00269-CR
in the Twelfth Court of Appeals of Texas
at Tyler

---

**Appellant's Post-Argument Brief**

---

State Counsel for Offenders
Attorney for Appellant

Kenneth Nash
Texas Bar No. 14811030
P. O. Box 4005
Huntsville, TX 77342
Telephone no. 936-437-5291
Facsimile no. 936-437-5295
E-mail address:  ken.nash@tdcj.texas.gov

## Table of Contents

Table of Authorities……………………………………………………………..3

Issues……………………………………………………………………...........4

    1.  Did the Twelfth Court of Appeals err by holding that Section 38.111, Penal Code, as applied to Schlittler, does not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution?

    2.  Did the Twelfth Court of Appeals err by holding that Section 38.111, Penal Code, as applied to Schlittler, does not violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution?

Summary of the Argument……………………………………………………….4-5

Argument…………………………………………………………………..5-11

Prayer…………………………………………………………………...11

Certificate of Compliance……………………………………………………12

Certificate of Service…………………………………………………..12-13

# Table of Authorities

**Cases**

*City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432 (1985)……………...5

*Clark v. Jeter*, 486 U.S. 456 (1988)…………………………………………………...5

*Little v. Streater*, 452 U.S. 1 (1981)…………………………………………………10

*Pell v. Procunier*, 417 U.S. 817 (1974)……………………………………………….6

*Skinner v. Oklahoma*, 316 U.S. 535 (1942)…………………………………………..9,10

*Troxel v. Granville*, 530 U.S. 57 (2000)………………………………………………5

*Turner v. Safley*, 482 U.S. 78 (1987)………………………………………………….6

*United States v. Salerno*, 481 U.S. 739 (1987)………………………………………10

*Yick Wo v. Hopkins*, 118 U.S. 356 (1886)…………………………………………..6,9

## Issues

1.  Did the Twelfth Court of Appeals err by holding that Section 38.111, Penal Code, as applied to Schlittler, does not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution?

2.  Did the Twelfth Court of Appeals err by holding that Section 38.111, Penal Code, as applied to Schlittler, does not violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution?

## Summary of the Argument

**Delegation of authority to Schlittler's ex-wife to withhold her consent to the exercise of his parental rights violated the Equal Protection Clause.**

By assigning the right to Schlittler's ex-wife to decide whether he would have the right to simply contact his son, section 38.111(a) discriminated against Schlittler in violation of the Equal Protection Clause. Other, similarly-situated persons would necessarily receive different treatment varying depending on the cooperativeness of the spouse. Because under Equal Protection Clause jurisprudence strict scrutiny applies to classifications affecting a fundamental right, and parentage is such a fundamental right, the application of section 38.111 to Schlittler cannot stand.

4

**Schlittler contends that Section 38.111, Penal Code, is unconstitutional as applied to him.**

Schlittler likely cannot prove that the statute is unconstitutional on its face; however, he can easily show that it is unconstitutional as applied to him under both the Due Process Clause and the Equal Protection Clause.

**Argument**

**Section 38.111, Penal Code, is unconstitutional as applied to Schlittler under the Equal Protection Clause of the United States Constitution.**

Among other things the Fourteenth Amendment to the United States Constitution guarantees the "equal protection of the laws." Ultimately, its effect is to ensure "that all persons similarly situated should be treated alike." *City of Cleburne, Texas v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). While Supreme Court jurisprudence applies varying levels of scrutiny to different classifications, "classifications based on race or national origin . . . and classifications affecting fundamental rights . . . are given the most exacting scrutiny." *Clark v. Jeter*, 486 U.S. 456, 461 (1988). A man has a fundamental liberty interest in the "care, custody and control of [his] children." *Troxel v. Granville*, 530 U.S. 57, 65 (2000) (plurality opinion).[1] As long as he adequately cares for his children (*i.e.*, is fit),[2] the State may not ordinarily intrude upon his parental prerogatives. *Troxel*, 530 U.S. at 68-69. When a man becomes a prisoner,

---

[1] *Troxel* is an "as applied" constitutional-challenge case. *Troxel*, 530 U.S. at 73.
[2] It is presumed that a fit parent acts in the best interest of his child. *Troxel*, 530 U.S. at 68.

5

"prison walls do not form a barrier separating [him] from the Constitution," and he "retains those rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Turner v. Safley*, 482 U.S. 78, 84 (1987); *Pell v. Procunier*, 417 U.S. 817, 822 (1974). Finally, the Equal Protection Clause protects individuals from "purely personal and arbitrary power." *Yick Wo v. Hopkins*, 118 U.S. 356, 369 (1886).

At oral argument, one judge of this Court inquired as to whether Schlittler is arguing that Art. 62.001(5), Code of Criminal Procedure, is unconstitutional either on its face or as applied to Schlittler. The text of article 62.001(5), on its face and taken alone, does not seem to threaten a violation of the Equal Protection Clause. Rather, the consequence of article 62.001(5) operating in tandem with section 38.111(a) is that the two present the real (or, as here, actualized) possibility of discrimination among similarly-situated persons without justification. As demonstrated below, while article 62.001(5) determines the class, it is section 38.111(a)(2) which delegates the authority and which gives rise to disparate treatment, creating a violation of the Equal Protection Clause.

In the following hypothetical examples, assume both defendants are married with two children, a girl and a boy. In the first instance, both defendants are convicted of the same crime of aggravated sexual assault against their daughters under identical facts. Under article 62.001(5), both defendants are treated as equal

members of the same class of persons. Although the text of section 38.111, which works hand-in-hand with article 62.001(5) does not, on its face, seem to discriminate between the two defendants, in practical effect, it does, because the spouse of either defendant is effectively deputized by section 38.111(a)(2). The first defendant's spouse might be cooperative, leading to a reasonably restricted but still present level of communion between father and son. The second defendant's spouse, however, might choose instead to isolate the father from the son altogether, acting potentially out of valid fear for her son, but altogether just as likely acting out of personal vengeance or malevolence. This possibility demonstrates that the State, in enabling the opposing spouse, has conditioned his future fatherhood, on an unpredictable variable beyond its control. Depending entirely on the spouse, at best he will either have as much right to rear his child as being in a penitentiary will allow, or he will have absolutely none until the child's right to personally consent vests with age under section 38.111(a)(2)(iv). Consequently, in this example the statute leads to unjustifiably varying degrees of interference with a fundamental liberty interest, despite both defendants being convicted of the same crime.

In the second instance, the first defendant commits continuous sexual assault against a child who is a stranger, in violation of Section 21.02, Penal Code, causing him to have a "reportable conviction or adjudication" under article 62.001(5)(A).

However, section 38.111(a) again does not interfere with his fundamental liberty interest in raising either his son or daughter, as the victim was neither. Meanwhile, the second defendant is convicted of his second count of indecent exposure, victimizing his daughter. The arbitrary result created by the two statutes is that he may then be forbidden from merely communicating with his son. Without doubt, the crimes of the first defendant are greater than the second, yet the second has his fundamental liberty interest in parenting his son interfered with, despite the fact that the boy in both instances was never subject to any real danger.

In the same way, section 38.111 ensured disparate treatment of Schlittler. His ex-wife was given sole, unchecked authority to decide when Schlittler would be able to merely communicate with his son, if ever. The spouse of another, similarly-situated offender in precisely the same position might have allowed unfettered access to his son, at least as far as he would be allowed in prison.

The Twelfth Court of Appeals erred in characterizing section 38.111(a)(2) as a "narrowing" provision in the sense that it tempers the breadth of the statute. *Schlittler v. State*, No. 12-13-00269-CR, 2014 Tex. App. Lexis 11904 at *6 (Tex. App.—Tyler, pet. granted). To the contrary, the provision allows for infinitely disparate treatment, varying depending on (1) the amicability of the relationship between the spouse and the offender, which may include factors not relevant to her decision-making, (2) the frequency of visitation decided upon in the sole discretion

8

of the spouse, (3) the manner of communication, again decided in the sole discretion of the spouse, and (4) whether any relationship between the offender and the child is to occur at all.[3] The only sense in which one might call the statute "narrow" is to say that it is narrow in scope regarding what a consenting party is to consider in granting consent, as it does not require or even urge the spouse to consider the findings of the SAPCR court in deciding what relationship an offender may have with his child. Given the above, the statute as applied to Schlittler presents an extreme likelihood of the use of "purely personal and arbitrary power," in violation of the Equal Protection Clause. *Yick Wo*, 118 U.S. at 369.

Additionally, the Twelfth Court of Appeals misapplied the Supreme Court's strict-scrutiny analysis. The Twelfth Court of Appeals failed to recognize that it is the impairment of a fundamental right which gives rise to an equal-protection violation when the statute treats members of non-suspect classes differently. In other words the statute impairs the fundamental liberty interests of certain offenders but not others. It is for that reason that the statute violates the Equal Protection Clause, and that is the thrust of *Skinner v. Oklahoma*, 316 U.S. 535 (1942),[4] in which the Supreme Court struck down Oklahoma's compulsory sterilization law of certain habitual offenders (and not others) as violative of the

---

[3] The statute is silent as to whether she may revoke her consent, but it stands to reason that she may.

[4] *Skinner* is an "as applied" constitutional challenge case. *Skinner*, 316 U.S. at 543.

Equal Protection Clause because the law deprived them of their fundamental right of procreation. Despite giving Oklahoma "large deference" in the exercise of its police power to mark a class of offenders or a family of offenses for special treatment, the Supreme Court nevertheless held that, by implicating a fundamental right, Oklahoma's statute ran afoul of the Equal Protection Clause. *Skinner*, 316 U.S. at 540-41. Although the Twelfth Court of Appeals didn't even mention *Skinner*, the lower court's opinion is loosely drawn (without ascription) from that decision.

**Schlittler does not maintain that Section 38.111, Penal Code, is facially unconstitutional, but is rather arguing that it is unconstitutional as applied to him.**

Other questions and comments during oral argument also demonstrated the need for additional clarification as to Schlittler's precise challenge to the statute relevant in this case. Schlittler does not claim that either article 62.001(5) or section 38.111(a) is facially overbroad. A facial challenge to a legislative act requires the challenger to "establish that no set of circumstances exists under which the [a]ct would be valid." *United States v. Salerno*, 481 U.S. 739, 746 (1987). A statute is unconstitutional "as applied" when it deprives a person of a protected right although the statute is an otherwise valid enactment "in the legitimate exercise of state power[.]" *Little v. Streater*, 452 U.S. 1, 16 (1981). In

10

other words, in enacting the statute Schlittler does not contend that the State arrogated to itself power that it could not rightfully exercise.

It is easily conceivable that under a certain circumstance, prosecution of a defendant under section 38.111 would not violate due process and equal protection as it does in Schlittler's case. In many instances, the crimes set out in the article 62.001(5) are committed against non-family members. Where an offender makes contact with a victim in violation of section 38.111(a), and that victim is not his own child, the statute implicates no fundamental liberty interest, and is therefore subject only to rational basis review, and not the insurmountable strict scrutiny standard which applies in Schlittler's case in both his equal protection and due process claims. Instead, Schlittler contends that section 38.111 is unconstitutional as applied to him.

## Prayer

Schlittler prays that this Court declare Section 38.111, Penal Code, unconstitutional as applied to him, and reverse the Twelfth Court of Appeal's judgment (and the trial court's judgment) and dismiss the indictment filed in this case.

Respectfully submitted,

State Counsel for Offenders
Attorney for Appellant

/s/ Kenneth Nash

11

Texas Bar No. 14811030
P. O. Box 4005
Huntsville, TX 77342
Telephone no. 936-437-5291
Facsimile no. 936-437-5295
E-mail address: ken.nash@tdcj.state.tx.us

## Certificate of Compliance

In compliance with Rule 9.4, Rules of Appellate Procedure, I certify that this computer-generated document complies with the typeface requirements of Rule 9.4(e) and is comprised of 1,761 words (excluding the matters listed in Rule 9.4(i)(1)).

/s/ Kenneth Nash

## Certificate of Service

In compliance with Rule 9.5(e), Rules of Appellate Procedure, I certify that a copy of the foregoing *Appellant's Post-Argument Brief* was served upon the State's attorney and upon the State Prosecuting Attorney noted below by one or more of the following: certified mail (return receipt requested), facsimile transfer, or electronic mail (e-mail), on May 27, 2015.

Melinda Fletcher
Special Prosecution Unit
P. O. Box 1744
Amarillo, TX 79105
Facsimile no. 866-923-9253
E-mail address: mfletcher@sputexas.org

Lisa C. McMinn
State Prosecuting Attorney

P. O. Box 13046
Austin, TX 78711
Facsimile no. 512-463-5724
E-mail address:  information@spa.texas.gov

/s/ Kenneth Nash